**Robert P. BENYAMINI,
Plaintiff–Appellant,**

v.

**MENDOZA; et al., Defendants–
Appellees.**

No. 13–15026.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2014.*

Filed Aug. 20, 2014.

Robert P. Benyamini, I, Walnut Creek, CA, pro se.

Benjamin Robert Dore, Jaime Ganson, Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

MEMORANDUM **

Former California state prisoner Robert P. Benyamini appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to pay the required filing fee, after revoking Benyamini's in forma pauperis status on the ground that he has "three strikes" under 28 U.S.C. § 1915(g). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation and application of 28 U.S.C. § 1915(g), *An-*

drews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir.2007), and for an abuse of discretion its denial of leave to proceed in formal pauperis, *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.1990). We affirm.

The district court did not abuse its discretion by revoking Benyamini's in forma pauperis status because three of Benyamini's prior § 1983 actions were dismissed for failure to state a claim, and Benyamini did not plausibly allege that he was "under imminent danger of serious physical injury" at the time that he lodged the complaint. 28 U.S.C. § 1915(g); *see also An-drews*, 493 F.3d at 1055 (an exception to the three-strikes rule exists only where "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

Defendants' motion for judicial notice, filed November 27, 2013, is denied as unnecessary.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.